# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

| | |
|---|---|
| JEFFREY MCKEOWN,<br><br>    Plaintiff,<br><br>v.<br><br>TECTRAN MFG., INC.<br><br>    Defendant. | Civil Action No. 5:17-cv-00109<br><br>CONSENT PRELIMINARY INJUNCTION |

**COMES NOW** Jeffrey McKeown ("McKeown") and Tectran Mfg., Inc. ("Tectran"), by their respective counsel, and announce to the Court that they have reached a compromise with regard to Tectran's Motion for Preliminary Injunction (the "Motion") and that McKeown consents to the entry of a Preliminary Injunction pursuant to the terms set forth herein. In support of their agreement, the Parties agree and consent as follows:

1. Following McKeown's voluntary resignation from Tectran on or about February 24, 2017, McKeown retained Tectran documents and information.

2. Thereafter, McKeown began employment with Phillips Industries, Inc. ("Phillips"), a competitor of Tectran.

3. On various occasions including correspondence dated May 16, 2017, McKeown returned certain Tectran property, documents, and information in his possession to Tectran. Since May 16, 2017, McKeown represents that he has performed a thorough search and has since forwarded all remaining, known Tectran documents and electronic files in his possession to Plaintiff's counsel. It appears that the documents McKeown forwarded to Plaintiff's counsel include certain information that was not included in Mr. McKeown's earlier post-resignation

submittals. McKeown does not agree that retaining any Tectran documents or information was improper.

4. Following McKeown's resignation, he remained in possession of an iPhone cellular telephone device that had been used for personal affairs and Tectran business. In approximately March 2017, the screen on that device was broken and McKeown disposed of the device. Other than Tectran e-mail servers, the information stored on that device was not backed up to an alternate location known by McKeown.

5. As of the date of this Order, McKeown represents that all remaining, known Tectran documents or information that had remained in McKeown's possession have been forwarded to Plaintiff's counsel, including litigation related paper files and electronic documents located on three jump drives (the "Information").

6. McKeown affirmatively represents and swears that, other than the Information forwarded to Plaintiff's counsel, he does not possess any other known copies or versions of Tectran documents and information. McKeown specifically represents that he knows of no Tectran documents or information that are retained or located on any other device or are otherwise saved or accessible through any Cloud-based device or storage.

7. The Information has been turned over to McKeown's counsel and McKeown has not retained a copy of the Information. With the exception of McKeown's personal files and privileged information, McKeown's counsel will provide complete copies of the Information to Tectran's counsel. Tectran reserves the opportunity to object to any personal file or privilege designation by McKeown. McKeown's counsel may retain and use the Information solely in this and OSHA litigation and for no other purpose whatsoever.

8. Other than for purposes of litigation against Tectran, McKeown represents and swears that he has not used any Tectran documents or the Information for any purpose, including his employment with Phillips, and has not shared, uploaded, downloaded or otherwise provided any Tectran documents or information to Phillips or any other entity.

9. McKeown further expressly agrees that he will not use any Tectran documents or the Information for any purpose other than litigation against Tectran, including his employment with Phillips, and will not share, upload, download or otherwise provide any Tectran documents or information to Phillips or any other entity.

10. McKeown affirmatively represents and states that he has not competed against Tectran using Tectran documents or the Information and will not do so.

11. The Parties have agreed to treat the Information as confidential pursuant to the terms of the protective order to be filed and requested for entry by this Court.

12. To the extent required by Federal Rule of Civil Procedure 65, the Parties waive any further express findings of fact and conclusions of law necessary for entry of this Consent Injunction, and the Parties agree to be bound by the terms of this Order.

13. McKeown waives any right to request that Tectran enter a bond in relation to this Consent Injunction.

**WHEREFORE**, the Court finds that the agreement among the parties is reasonable, is supported and justified by the facts, and with consent of the parties does **ORDER** a Preliminary Injunction during the pendency of this action as follows:

1. McKeown is enjoined from using Tectran documents or the Information in any manner other than litigation against Tectran, or from competing against Tectran using its documents or the Information;

2. With the exception of McKeown's personal files and privileged information, McKeown's counsel will provide complete copies of the Information to Tectran's counsel. McKeown's counsel will provide a privilege log of all personal files and privilege information that is not provided to Tectran's counsel.

3. McKeown's counsel may retain a copy of the Information for use solely in this and related OSHA litigation.

4. McKeown is required to return all Tectran property, documents or information that remain in his possession, including the Information; and

5. No bond is required in relation to this Consent Injunction.

**IT IS SO ORDERED**

Signed: September 21, 2017

Graham C. Mullen
United States District Judge