FILED
CHARLOTTE, NC
DEC 1 3 2018
US District Court
Western District of NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| **JEFFREY MCKEOWN,** | Civil Action No. 5:17-cv-00109 |
| Plaintiff, | |
| v. | |
| **TECTRAN MFG., INC.** | |
| Defendant. | |

## REVISED PROTECTIVE ORDER

By signing this Protective Order, the parties have agreed to be bound by its terms and to request its entry by the judge. It is hereby **ORDERED** as follows:

1. If a party, an attorney for a party, or any third party agreed upon by the parties to this litigation, including but not limited to, Phillips Industries, Inc. ("Phillips"), has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a discovery or other request, are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party, attorney or third party shall mark each such document or other material as "**CONFIDENTIAL**."

2. If a party or an attorney for a party disputes whether a document or other material should be marked "**CONFIDENTIAL**," the parties, attorneys, and, if applicable, third party shall attempt to resolve the disputes between themselves. If they are unsuccessful, the party or attorney challenging the "**CONFIDENTIAL**" designation shall do so by filing an appropriate motion.

3. No party, attorney, third party or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, except in accordance with this Protective Order. Court

personnel are not subject to this Protective Order while engaged in the performance of their official duties.

4. Any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, at any discovery deposition taken in this action.

5. If a party or attorney wishes to disclose any document or other material which is marked "**CONFIDENTIAL**," or the contents thereof, to any person actively engaged in working on this action (e.g., expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

    A. Provide a copy of this Protective Order to the person to whom disclosure is made;

    B. Inform the person to whom disclosure is made that s/he is bound by this Protective Order;

    C. Require the person to whom disclosure is made to sign an acknowledgment and receipt of this Protective Order as reflected in Exhibit A attached hereto;

    D. Instruct the person to whom disclosure is made to return any document or other material which is marked "**CONFIDENTIAL**," at the conclusion of the case, including notes or memoranda made from "**CONFIDENTIAL**" material; and

    E. Maintain a list of persons to whom disclosure was made and the "**CONFIDENTIAL**" materials which were disclosed to that person.

6. If any party or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any "**CONFIDENTIAL**" document or material, s/he must provide reasonable notice to the party that produced the document or material. The parties, attorneys, and, if applicable, third party shall then attempt to resolve the matter of continued confidentiality by either (a) removing the "**CONFIDENTIAL**" marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record in accordance with controlling precedent.

7. Any party, an attorney for a party, and any third party agreed upon by the parties to this litigation, including, but not limited to, Phillips Industries, Inc., shall have the right to designate as "**CONFIDENTIAL/ATTORNEYS' EYES ONLY**" and subject to this Protective Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Protective Order, shall mark any **CONFIDENTIAL/ATTORNEYS' EYES ONLY** material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony (whether physical or electronic), with the following or similar legend: "**CONFIDENTIAL/ATTORNEYS' EYES ONLY**" or "**CONFIDENTIAL/ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER.**" (hereinafter "**CONFIDENTIAL/ATTORNEYS' EYES ONLY**").

8. All information, documents, or things, or portion of any document or thing, except as otherwise described in Paragraph 10, below, that are designated by any party as **CONFIDENTIAL/ATTORNEYS' EYES ONLY** material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Section 9 below, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of **CONFIDENTIAL/ATTORNEYS' EYES ONLY** material, provided that such advice and opinions shall not reveal the contents of such **CONFIDENTIAL/ATTORNEYS' EYES ONLY** material except by prior written agreement of counsel for the parties (including any third party covered by this Protective Order), or by Order of the Court.

9. Absent the prior written agreement of counsel for the parties and except as described in Paragraph 10, below, **CONFIDENTIAL/ATTORNEYS' EYES ONLY** material and the contents of such material may be disclosed only to the following individuals under the following conditions:

    A. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

    B. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed the attached Exhibit A;

    C. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    D. The Court and court personnel;

E. Any deponent may be shown or examined on any information, document or thing designated Confidential/Attorneys' Eyes Only solely if it reasonably appears that the witness authored or received a copy of it, or is employed by the party who produced the information, document or thing, or if the party designating such information as Confidential/Attorneys' Eyes Only consents to such disclosure; and

F. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials.

10. Phillips shall have the right to designate as **CONFIDENTIAL/ATTORNEYS' EYES ONLY**, all or portions of the reconvened deposition of the Plaintiff, which is presently scheduled for December 7, 2018, by designating the beginning and end of the **CONFIDENTIAL/ATTORNEYS' EYES ONLY** testimony on the errata sheet or by any other written notification within no more than five (5) calendar days after receipt of a copy of the deposition transcript from the court reporter, or pursuant to such other timing or procedure agreed to by counsel for the relevant parties. To the extent any party has an objection to a designation by Phillips of **CONFIDENTIAL/ATTORNEYS' EYES ONLY** material pursuant to this section, the parties agree to meet and confer in an attempt to resolve their disagreement within twelve (12) calendar days following initial receipt of the deposition transcript. If the parties are unable to resolve their disagreement through the meet and confer process, Phillips shall have a total period of seventeen (17)

calendar days following initial receipt of the deposition transcript (which is inclusive of the five (5) day period to designate portions of the material as **CONFIDENTIAL/ATTORNEYS' EYES ONLY**) to move for entry of an Order to preserve the **CONFIDENTIAL/ATTORNEYS' EYES ONLY** designation. Tectran agrees that only its counsel will be present at the reconvened deposition of Mr. McKeown, and further agrees that for seventeen (17) calendar days following receipt of the deposition transcript of the reconvened deposition of Plaintiff, or if Phillips seeks entry of a Protective Order as set forth by this Paragraph 10, then until receipt of an Order of the Court, that only its counsel will be authorized to review the transcript from the reconvened deposition of the Plaintiff. Phillips agrees that Tectran's counsel shall have no obligation to withhold disclosure to Tectran of materials designated as **CONFIDENTIAL/ATTORNEYS' EYES ONLY** pursuant to this section if: (1) the parties agree that such material should not be designated as **CONFIDENTIAL/ATTORNEYS' EYES ONLY**; (2) Phillips fails to seek entry of a protective order within seventeen (17) calendar days following receipt of the deposition transcript for the reconvened deposition of Mr. McKeown as described in this Paragraph; or (3) by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of **CONFIDENTIAL/ATTORNEYS' EYES ONLY** material designated pursuant to this paragraph, provided that such advice and opinions shall not reveal the contents of such **CONFIDENTIAL/ATTORNEYS' EYES ONLY**.

    11. The designation of material as **CONFIDENTIAL/ATTORNEYS' EYES ONLY** shall constitute a certification that the designating party believes in good faith that the material is **CONFIDENTIAL/ATTORNEYS' EYES ONLY** that is not in the public domain, that restrictions on disclosure are otherwise necessary to protect the privacy interests of individuals, or that other good

cause exists under applicable law to restrict access to the **CONFIDENTIAL/ATTORNEYS' EYES ONLY** material.

12. Upon final conclusion of this litigation, by judgment, settlement, completion of appeal, or otherwise, all material designated as **CONFIDENTIAL** or **CONFIDENTIAL/ATTORNEYS' EYES ONLY**, including all copies, prints, summaries, and other reproductions or derivations of such information, shall be returned to the party that produced the documents, within thirty (30) days of the termination of this case (including appeals, if any). In the alternative, the parties may agree in writing that the recipient may destroy the **CONFIDENTIAL** or **CONFIDENTIAL/ATTORNEYS' EYES ONLY** material. If the recipient elects to destroy the material, it must verify same in writing and send such verification to the producing party.

13. The ultimate disposition of protected materials shall be subject to a final order of the Court upon completion of the litigation.

The Clerk is **DIRECTED** to mail a copy of this order to all counsel of record.

**ENTERED** this 13th day of December, 2018.

/s/ Graham C. Mullen
HONORABLE GRAHAM MULLEN
UNITED STATES DISTRICT JUDGE

***Submitted and Agreed to By:***

/s/ Carrie M. Harris
Carrie M. Harris (NC Bar No. 52711)
Jeffrey D. Patton (NC State Bar No. 21246)
Spilman Thomas & Battle, PLLC
110 Oakwood Drive, Suite 500
Winston-Salem, NC 27103
Telephone (336) 725-4710
Facsimile (336) 725-4476
*Counsel for Defendant Tectran MFG., Inc.*

/s/ Emily Anne Buttrick
Emily Anne Buttrick (NC Bar No. 49524)
Chad J. Cochran (NC Bar No. 35217)
HANNAH SHERIDAN
& COCHRAN, LLP
5400 Glenwood Avenue, Suite 410
Raleigh, North Carolina 27612
Telephone: (919) 859-6840
Facsimile: (919) 859-6843
*Counsel for Plaintiff Jeffrey McKeown*

# EXHIBIT A

I, the undersigned, hereby acknowledge receipt of a copy of the Protective Order (the "Order") entered by the United States District Court Judge for the Western District of North Carolina, Statesville Division, in Case No. 5:17-cv-00109. I hereby agree to be bound by the terms of the Order and shall not disclose or make use of any documents, material or information designated by the Parties as confidential except as permitted by the Order.

_____          _____
Name                                              Signature


_____          _____
Title                                             Date